IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA23-641

Filed 5 March 2024

Halifax County, No. 18CVS50

RENE ROBINSON, individually, and as ADMINISTRATRIX of the ESTATE OF VELVET FOOTE, Plaintiffs,

v.

HALIFAX REGIONAL MEDICAL CENTER, DR. JUDE OJIE and DR. SIMBISO RANGA, individually and as employees, agents, of Halifax Regional Medical Center, Defendants.

Appeal by plaintiff from order and judgment entered 3 October 2022 by Judge J. Carlton Cole in Halifax County Superior Court. Heard in the Court of Appeals 29 November 2023.

> *BA Folk, PLLC, by Brice M. Bratcher and Jeremy D. Adams, for plaintiffs-appellants.*
>
> *Harris Creech Ward & Blackerby, PA, by Christina J. Banfield and C. David Creech, for defendants-appellees.*

GORE, Judge.

The question in this appeal is whether the trial court properly dismissed plaintiff's medical malpractice claims pursuant to Rule 9(j) of the North Carolina Rules of Civil Procedure. Here, the trial court determined that plaintiff's designated medical expert, Dr. Mallory, would not reasonably be expected to testify as to the standard of care under Rule 702(b) of the North Carolina Rules of Evidence and N.C.G.S. § 90-21.12. Upon review, we affirm the trial court's Order.

In *Moore v. Proper*, our Supreme Court "addressed the manner in which a trial court should evaluate compliance with Rule 9(j), as well as the standard of review for a reviewing court on appeal." *Preston v. Movahed*, 374 N.C. 177, 187 (2020) (citing *Moore v. Proper*, 366 N.C. 25 (2012)). The Court observed:

> Rule 9(j) serves as a gatekeeper . . . to prevent frivolous malpractice claims by requiring expert review *before* filing of the action. Rule 9(j) thus operates as a preliminary qualifier to "control pleadings" rather than to act as a general mechanism to exclude expert testimony. Whether an expert will ultimately qualify to testify is controlled by Rule 702. The trial court has wide discretion to allow or exclude testimony under that rule. However, the preliminary, gatekeeping question of whether a proffered expert witness is "reasonably expected to qualify as an expert witness under Rule 702" is a different inquiry from whether the expert *will actually* qualify under Rule 702.

*Moore*, 366 N.C. at 31 (citations omitted). Thus, as addressed in the prior appeal of this case — *Robinson v. Halifax Reg'l Med. Ctr.*, 271 N.C. App. 61 (2020) — we reversed in part the trial court's decision to dismiss this action for noncompliance with Rule 9(j). Specifically, we concluded "that the trial court 'jumped the gun' in determining that [p]laintiffs failed to comply with Rule 9(j)[ ]" of the North Carolina Rules of Civil Procedure because plaintiff's complaint, on its face, *did* satisfy our preliminary pleading requirements. 271 N.C. App. at 66. However, the Court in *Moore* further stated:

> a complaint facially valid under Rule 9(j) may be dismissed if subsequent discovery establishes that the certification is not supported by the facts, at least to the extent that the exercise of reasonable diligence would have led the party to

the understanding that its expectation was unreasonable. Therefore, to evaluate whether a party reasonably expected its proffered expert witness to qualify under Rule 702, the trial court must look to all the facts and circumstances that were known or should have been known by the party at the time of filing.

Though the party is not necessarily required to know all the information produced during discovery at the time of filing, the trial court will be able to glean much of what the party knew or should have known from subsequent discovery materials. But to the extent there are *reasonable* disputes or ambiguities in the forecasted evidence, the trial court should draw all reasonable inferences in favor of the nonmoving party at this preliminary stage of determining whether the party *reasonably expected* the expert witness to qualify under Rule 702. When the trial court determines that reliance on disputed or ambiguous forecasted evidence was not reasonable, the court must make written findings of fact to allow a reviewing appellate court to determine whether those findings are supported by competent evidence, whether the conclusions of law are supported by those findings, and, in turn, whether those conclusions support the trial court's ultimate determination. We note that because the trial court is not generally permitted to make factual findings at the summary judgment stage, a finding that reliance on a fact or inference is not reasonable will occur only in the rare case in which no reasonable person would so rely.

*Moore*, 366 N.C. at 31–32 (internal citations omitted).

Consistent with our Supreme Court's analysis in *Moore*, our reversal in *Robinson* came with a caveat:

it may alternatively be that discovery will, indeed, demonstrate that [p]laintiffs should have not reasonably believed that their expert would qualify under Rule 702. Indeed, after deposing Dr. Mallory or conducting other discovery, [d]efendants may be able to show that when

[p]laintiffs filed their complaint, they could not have reasonably expected Dr. Mallory to qualify, at which point, dismissal under Rule 9(j) would be appropriate. However, at this point, [d]efendants have simply not met their burden of showing that they are entitled to a dismissal under Rule 9(j).

271 N.C. App. at 69–70.

Accordingly, upon remand of this action to the trial court on 11 May 2020, the parties engaged in discovery. Eventually, defendants filed a renewed and amended Motion to Dismiss and for Summary Judgment on 23 June 2022, attaching supporting affidavits from defendants Dr. Ojie and Dr. Ranga as well as defendant's expert witnesses.

After a hearing on the Motions on 26 August 2022, the trial court ruled in favor of defendants, granting their Motion to Dismiss and for Summary Judgment upon the basis of noncompliance with Rule 9(j), and dismissing all claims in plaintiff's complaint. In an Order filed 3 October 2022, the trial court made the following findings of fact, in relevant part:

> 10. On [17 July 2020], [p]laintiff served her responses to [d]efendants' outstanding discovery requests, including her responses to [d]efendants' Rule 9(j) Interrogatories. Plaintiff identified only one expert witness, Dr. Mallory, in her Rule 9(j) interrogatory responses and other discovery responses, and included an affidavit from Dr. Mallory.
>
> 11. On [17 June 2021], [d]efendants filed a Motion for Discovery Scheduling Order pursuant to Rule 26(f1); after a hearing on [d]efendants' Motion on [19 July 2021], the Honorable Judge Cy Grant entered a Discovery Scheduling Order on [27 July 2021]. Per the Discovery Scheduling

Order, [p]laintiff was required to designate all expert witnesses by [1 November 2021], and was required to make a designated expert witness available for deposition by [1 January 2022].

12. Plaintiff did not designate any expert witnesses other than Dr. Mallory by [1 November 2021].

13. Upon an agreement by all counsel, Dr. Mallory's deposition was set for [29 December 2021]. On [9 December 2021], [d]efendants' counsel properly noticed Dr. Mallory's deposition for [29 December 2021], to be taken in-person in Cocoa Beach, Florida, where Dr. Mallory resides.

14. On [27 December 2021], two days before the scheduled deposition on [29 December 2021], [p]laintiff's counsel first informed [d]efendants' counsel that Dr. Mallory would not make himself available for the deposition without being paid a deposit for the deposition at least seven (7) days in advance of the deposition. The deposition was therefore cancelled due to [p]laintiff's inability to make her expert witness available for the scheduled deposition.

15. Defendants' counsel was never made aware of Dr. Mallory's advance payment requirement prior to [27 December 2021].

16. On [1 January 2022], the deadline passed for [p]laintiff to make her expert witness available for deposition, as set forth in the Discovery Scheduling Order.

17. The deposition of Dr. Mallory did not occur prior to the deadline set forth in the Discovery Scheduling Order.

18. On [15 February 2022], [d]efendants filed a Motion to Strike Plaintiff's Expert Witness and a Motin to Dismiss and for Summary Judgment. On [23 June 2022], [d]efendants filed an Amended Motion to Dismiss and for Summary Judgment.

SPECIFIC FINDINGS OF FACTS REGARDING DEFENDANTS' MOTION TO DISMISS AND FOR

SUMMARY JUDGMENT PURSUANT TO RULE 9(j)

19.  Plaintiff's action against the [d]efendants arises out of allegations of medical malpractice, as defined in [N.C.G.S.] § 90-21.11 and § 90-21.12, and [p]laintiff is required to comply with Rule 9(j) of the North Carolina Rules of Civil Procedure, by including a certification in her Complaint that the medical care and all medical records in this case have been reviewed by an expert witness who is reasonably expected to qualify as such and who is willing to testify as to the standard of care.

20.  Upon the refiling of this action on [16 January 2018], [p]laintiff did include a certification, which on its face met the requirements of Rule 9(j) of the North Carolina Rules of Civil Procedure.

21.  The Rule 9(j) expert witness and only expert witness designated by [p]laintiff in this matter pursuant to the Discovery Scheduling Order is Dr. Mallory.

22.  Pursuant to Rule 9(j) of the North Carolina Rules of Civil Procedure, [d]efendants properly pursued written and other discovery to determine whether [p]laintiff did in fact comply with Rule 9(j) by retaining an expert witness who was reasonably expected to qualify as such under Rule 702 of the North Carolina Rules of Evidence; had reviewed the medical care and all medical records relevant to the events at issue; and was willing to testify that the defendants had violated the standard of care.

23.  The Court finds that the pleadings, the materials on the record in the case, and the materials submitted by the parties, including affidavits and discovery exchanged, show that Dr. Mallory would not be able to qualify as an expert witness in this case pursuant to Rule 702(b) of the North Carolina Rules of Evidence.  The [c]ourt finds that the [p]laintiff has failed and is otherwise unable to show that:

> a. Dr. Mallory practiced as a physician specializing in internal medicine and practicing as a hospitalist

during the period of [15 January 2014] through [15 January 2015];

b. Dr. Mallory has experience admitting patients to hospitals, providing long-term treatment to admitted patients, or entering Do Not Resuscitate Orders for patients admitted to hospitals, all of which constitute the substance of [p]laintiff's allegations and claims against [d]efendants;

c. Dr. Mallory has experience treating admitted hospital patients who are similar or have similar medical issues as [the decedent] Ms. Foote;

d. Dr. Mallory is familiar with the resources available to Dr. Jude Ojie, Dr. Simbiso Ranga, and Halifax Regional Medical Care in the county of Halifax, North Carolina during the period of [15 January 2014] through [15 January 2015]; and

e. Dr. Mallory is familiar with the medical training and/or medical background of the [d]efendants Dr. Ojie and Dr. Ranga.

24. The [c]ourt therefore finds that there is nothing in the pleadings, the materials on the record in the case, and the materials submitted by the parties, including the affidavits and discovery exchanged, which prove that Dr. Mallory is or could be familiar with the standard of care for internal medicine physicians practicing as hospitalists in Halifax County or similarly situated communities during the period of [15 January 2014] through [15 January 2015] as required by [N.C.G.S.] § 90-21.12(a).

25. The [c]ourt therefore finds that Dr. Mallory is not qualified under Rule 702(b) of the North Carolina Rules of Evidence to provide expert witness testimony as to the standard of care applicable to the [d]efendants.

26. Additionally, the [c]ourt finds that Dr. Mallory was unwilling to testify as to standard of care opinions in this action, due to Dr. Mallory's failure to attend his deposition

scheduled for [29 December 2021].

27. The time set forth in the Discovery Scheduling Order entered by the Honorable Judge Cy Grant in this case for [p]laintiff to designate any expert witnesses had expired by [1 November 2021].

28. Plaintiff failed to designate any expert witness other than Dr. Mallory prior on or before [1 November 2021].

29. Plaintiff failed to make Dr. Mallory, as her designated expert witness, available by [1 January 2022], the date set forth in the Discovery Scheduling Order entered by the Honorable Judge Cy Grant in this case.

30. Additionally, [p]laintiff failed to move for an amendment of the Discovery Scheduling Order in this action to secure an extension of the time in which to make her designated expert witness available for deposition.

31. Because Dr. Mallory is not qualified to provide expert witness testimony as to the standard of care pursuant to Rule 702(b) of the North Carolina Rules of Civil Procedure and [N.C.G.S.] § 90-21.12(a); because [p]laintiff failed to make her sole expert witness, Dr. Mallory, available for a deposition by the deadline set forth in the Discovery Scheduling Order in this case; and because [p]laintiff has failed to designate any other expert witness in this case, the [c]ourt finds that [p]laintiff has failed to retain an expert witness in compliance with Rule 9(j) of the North Carolina Rules of Civil Procedure, and [p]laintiff's action should be dismissed in its entirety, with prejudice.

Turning to the matter now before us, plaintiff presents the sole issue of whether the trial court erred in granting defendants' Motion to Dismiss and for Summary Judgment and in disqualifying Dr. Malloy as an expert witness. Plaintiff argues the trial court: (i) erroneously applied a heightened standard for compliance with Rule 9(j), and (2) erred in both its application and evaluation of Rule 702.

> Generally, we review a trial court's ruling on a motion to exclude expert testimony for an abuse of discretion. However, when the pertinent inquiry on appeal is based on a question of law — such as whether the trial court properly interpreted and applied the language of a statute — we conduct de novo review. . . . The trial court's determination that proffered expert testimony meets Rule 702[ ]'s requirements of qualification, relevance, and reliability will not be reversed on appeal absent a showing of abuse of discretion. But the trial court's articulation and application of the relevant legal standard is a legal question that is reviewed de novo. And, whatever the standard of review, an error of law is an abuse of discretion.

*Miller v. Carolina Coast Emergency Physicians, LLC*, 382 N.C. 91, 104 (2022) (cleaned up).

First, plaintiff argues the trial court's "three justifications," as set forth in finding of fact 31 of the Order, "for dismissal under Rule 9(j) are directly at odds with the guidance set forth in *Moore* and *Preston*." Plaintiff asserts "the lower court adds additional requirements not found in Rule 9(j), specifically that the [plaintiff] was required to 'retain an expert witness' and make that expert witness available for deposition. Rule 9(j) contains no such requirements." Plaintiff further argues, "the proper question to ask is whether . . . the [plaintiff] had a reasonable belief or expectation that Dr. Mallory would qualify as an expert witness at the time of filing the complaint, not whether or not he ultimately would qualify."

We discern no such misapprehension of law in the trial court's ruling. Rule 9(j) provides, in pertinent part:

> [a]ny complaint alleging medical malpractice by a health

- 9 -

care provider . . . in failing to comply with the applicable standard of care under [N.C.G.S.] 90-21.12 shall be dismissed unless:

(1) The pleading specifically asserts that the medical care and all medical records pertaining to the alleged negligence that are available to the plaintiff after reasonable inquiry *have been reviewed by a person who is reasonably expected to qualify as an expert witness under Rule 702* of the Rules of Evidence *and who is willing to testify* that the medical care did not comply with the applicable standard of care . . . .

N.C.G.S. § 1A-1, Rule 9(j) (2022) (emphasis added). As our Supreme Court stated in *Moore*, "the preliminary, gatekeeping question of whether a proffered expert witness is reasonably expected to qualify as an expert witness under Rule 702 is a different inquiry from whether the expert *will actually* qualify under Rule 702." 366 N.C. at 31 (internal quotation marks and citation omitted). "[A] complaint facially valid under Rule 9(j) may be dismissed if subsequent discovery establishes that the certification is not supported by the facts, at least to the extent that the exercise of reasonable diligence would have led the party to the understanding that its expectation was unreasonable." *Id.* at 31–32 (internal citation omitted). "Whether an expert will ultimately qualify to testify is controlled by Rule 702. The trial court has wide discretion to allow or exclude testimony under that rule." *Id.* at 31 (citation omitted). Plaintiff reiterates her expectation that Dr. Mallory would qualify as an expert witness was *reasonable*, yet the trial court was not, upon remand, engaged in preliminary examination of her pleadings. The trial court's analysis of whether Dr.

Mallory *actually* qualified as an expert witness under Rule 702(b) is not a misstatement of the law, but rather, it is inherent to its evaluation of *actual* compliance with Rule 9(j) beyond the preliminary stages of the proceedings.

Moore articulates the three-part test to qualify as an expert witness under Rule 702(b):

> (1) whether, during the year immediately preceding the incident, the proffered expert was in the same health profession as the party against whom or on whose behalf the testimony is offered; (2) whether the expert was engaged in active clinical practice during that time period; and (3) whether the majority of the expert's professional time was devoted to that active clinical practice.

*Id.* at 33 (citation omitted). The trial court's findings of fact, such as numbers 23(a)–(e) and 24, address the elements of this test. Plaintiff does not argue that the trial court arbitrarily disqualified Dr. Mallory, rather, plaintiff argues the trial court misapplied the law by "apply[ing] a stricter standard in its evaluation than espoused by the appellate courts." Upon review of plaintiff's brief, we discern no fundamental misapprehension or misapplication of Rule 702(b). Rather, plaintiff appears to present an alternative interpretation of the discovery materials and to propose an alternative ruling based on her interpretation. The fact remains, the trial court *did* make findings supporting a basis to exclude and strike Dr. Mallory as an expert witness under Rule 702(b). Plaintiff has not shown an abuse of discretion in that determination.

We discern no abuse of discretion or misapprehension of law in this case.

Accordingly, we affirm the trial court's Order.


AFFIRMED.

Judges DILLON and MURPHY concur.